UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLASTIC DEVELOPMENT GROUP, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>YITA, LLC,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:23-cv-01422-LK<br><br>ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL |

This matter comes before the Court on Plaintiff Plastic Development Group, LLC's Motion for Voluntary Dismissal. Dkt. No. 27. Plastic Development Group, LLC ("PDG") seeks to dismiss its patent infringement claim against Yita, LLC ("Yita") without prejudice because PDG has sold its rights in the patent underlying this litigation, and it thus lacks standing to assert any rights with respect to that patent. Dkt. No. 29 at 1–2. Yita does not oppose dismissal, but argues that the Court should dismiss the case with prejudice with respect to the products made, used, sold, offered for sale, or imported into the United States as of the date of dismissal, and with an award of attorney's fees and costs. Dkt. No. 28 at 1, 6–10. For the reasons discussed below, the Court grants the motion and dismisses this case without prejudice and without fees or costs.

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL - 1

## I. BACKGROUND

When PDG filed this lawsuit on September 12, 2023, it was "the owner of all right, title, and interest" in United States Patent No. 11,608,209, entitled "Deck Storage Box" (the "'209 Patent"). Dkt. No. 1 at 2. The '209 Patent describes an outdoor storage container designed to be assembled without the use of external tools. Dkt. No. 1-1 at 8. PDG alleged in its complaint that Yita is a competitor that markets and sells an infringing deck storage product. Dkt. No. 1 at 3–5.

PDG filed this motion to voluntarily dismiss the case on April 12, 2024 because it was "in the process of selling its deck box business and outdoor shed business, which includes all related intellectual property." Dkt. No. 27 at 2. By the time PDG filed its reply in support of the motion, the sale had been completed. Dkt. No. 29 at 1; Dkt. No. 31 at 2. Pursuant to an intellectual property assignment, PDG has assigned all of its rights in certain property, including the '209 Patent, to Suncast Corporation. Dkt. No. 30 at 2–3, 15–17, 20. Thus, it argues, it no longer has standing to pursue this case. Dkt. No. 29 at 2, 11.

## II. DISCUSSION

**A.   PDG's Request to Dismiss**

   1. <u>Legal Standard</u>

Absent consent of the opposing party and beyond the time limit to amend as of right, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result" of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal"). The Ninth Circuit has

held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice is not established by "the threat of future litigation which causes uncertainty" or "the expense incurred in defending against a lawsuit[.]" *Id.*; *see also Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (explaining that "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice" (citation omitted)). Although district courts have "broad discretion" in deciding whether to dismiss actions with or without prejudice, *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011), they abuse their discretion in dismissing with prejudice when the defendant fails to show legal prejudice as a result of the dismissal, *Kamal*, 88 F.4th at 1080–82.

When considering a motion under Rule 41(a)(2), courts must determine: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-00421-LK, 2023 WL 5227702, at *7 (W.D. Wash. Aug. 15, 2023) (quoting *Sherman v. Yahoo! Inc.*, No. 13-cv-0041-GPC-WVG, 2015 WL 473270, at *2 (S.D. Cal. Feb. 5, 2015)).

2. <u>The Court Grants the Motion to Dismiss Without Prejudice</u>

As to the first inquiry, dismissal is warranted because Yita "does not oppose dismissal," Dkt. No. 28 at 1, and now that PDG has sold its rights in the '209 Patent, it lacks standing to pursue its infringement claim, *see, e.g.*, *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, Nos. 5:12-cv-04958-PSG, 5:12-cv-04959-PSG, 2015 WL 1538259, at *4 (N.D. Cal. Apr. 6, 2015) (explaining that "if a patentee transfers all substantial rights to a patent, the transferee becomes the effective patentee and is the only party who may sue for infringement" (citation omitted)). Yita argued in its response that PDG's motion provided insufficient information to evaluate standing. Dkt. No. 28 at 7–8. However, the PTO's assignment records and PDG's reply and supporting declarations buttressed

its lack of standing argument now that the sale has occurred. *See* PTO Assignment Record, https://assignment.uspto.gov/patent/index.html#/patent/search/resultAssignment?id=67091-614 (last visited July 28, 2024); *see also generally* Dkt. Nos. 29–31.

The Court next considers whether the dismissal should be with or without prejudice. "[A] dismissal for lack of standing should generally be without prejudice so as to permit the filing of a new action by a party with proper standing." *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009). The dismissal is typically without prejudice because "[a] dismissal for lack of standing is jurisdictional and is not an adjudication on the merits." *Id.* at 1332; *see also Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (same).

Nevertheless, Yita argues that the dismissal should be with prejudice because it will "suffer legal prejudice if PDG is permitted to simply walk away." Dkt. No. 28 at 6. It notes that PDG's filing of this lawsuit asserting infringement "initiated a one-year window for Yita to challenge the Asserted Patent at the [United States Patent Trademark Office] through an [*inter partes* review ("IPR")]." *Id.* (citing 35 U.S.C. § 315(b)). Yita argues that "if this action is dismissed without prejudice and refiled by PDG or some other party after September 25, 2024, Yita will be unable to invalidate the Asserted Patent through an IPR at the PTO because of § 315(b)'s time bar." *Id.* As PDG counters, however, a dismissal "has no impact on Yita's ability to file an IPR" because the one-year bar "remains in effect whether or not this case is dismissed." Dkt. No. 29 at 2 (emphasis removed); *see also Hamilton Beach Brands, Inc. v. f'real Foods, LLC*, 908 F.3d 1328, 1337 (Fed. Cir. 2018). Thus, Yita can file an IPR regardless of whether this case is dismissed, and its legal right to file an IPR is not prejudiced by the dismissal. Yita notes that filing an IPR is expensive and burdensome, and it "has no desire to pursue an IPR unnecessarily" if no lawsuit is pending or later refiled. Dkt. No. 28 at 6. However, neither the expense of filing an IPR nor the uncertainty regarding whether to file a potentially unnecessary IPR amount to legal prejudice. *See*

*Westlands Water Dist.*, 100 F.3d at 97 ("Uncertainty because a dispute remains unresolved" and "the expense incurred in defending against a lawsuit" do not constitute legal prejudice).

Yita also notes that it has undergone effort and expense participating in discovery and preparing its preliminary non-infringement and invalidity contentions. Dkt. No. 28 at 2–3. But this case has not progressed to claim construction or trial, *id.* at 2; Dkt. No. 26 at 1–2 (case schedule), nor is this a case "where the plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal," *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (citation omitted).

Yita also argues that it will suffer prejudice because it "sought assurances from PDG that individuals central to this lawsuit, including the named inventors of the Asserted Patent and now the purchasers of the Asserted Patent, would maintain evidence and documents relevant to this litigation, but PDG provided none." Dkt. No. 28 at 6–7. Thus, it will "suffer legal prejudice if such evidence and documents to support Yita's legal claims and arguments are not maintained." *Id.* at 7. The Court disagrees. PDG informed Yita that PDG, its Chief Executive Officer Craig Guck, and inventor Richard Gilbert would maintain a litigation hold after the case is dismissed. Dkt. No. 28-3 at 2; *see also* Dkt. No. 1-1 at 2 (patent listing inventors).[1] Although Suncast and the two other inventors are not bound by that litigation hold, Yita has not shown that it will suffer prejudice "as a result of the dismissal." *Westlands Water Dist.*, 100 F.3d at 96. The inventors and Suncast are not parties to this action, and Yita has not shown that a dismissal of this case without prejudice will alter their preservation responsibilities. Nor has Yita shown that parties in a future case—if one were to be filed—would be unable to conduct sufficient discovery if this case is dismissed without prejudice. *Id.* at 97 (noting that in *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir.

---

[1] Yita implies a nefarious purpose behind PDG's refusal to provide assurances that Suncast and the other inventors would maintain relevant evidence, but PDG's counsel does not represent them. Dkt. No. 28-3 at 5, 9.

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL - 5

1994), the "district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud").

Finally, Yita argues that dismissal with prejudice is warranted because, "as evidenced by PDG's actions in this litigation, it is clear that this case was not brought based upon the merits but instead was likely an attempt to extract money from Yita by way of a settlement before it sold its business." Dkt. No. 28 at 1–2. Yita contends that it has suffered legal prejudice and unnecessary expense "by PDG's money grab[.]" *Id.* at 2. But despite these accusations, Yita has not shown that this case was brought for an improper purpose, as set forth more fully below, and again, the expense of defending against a lawsuit does not demonstrate prejudice. *Westlands Water Dist.*, 100 F.3d at 97. In the absence of legal prejudice, the Court dismisses this case without prejudice. *See, e.g.*, *In re Amazon.com, Inc. S'holder Derivative Litig.*, No. C22-0559-JCC, 2024 WL 1299946, at *1–2 (W.D. Wash. Mar. 27, 2024) (dismissing case without prejudice when no legal prejudice was shown).

### B.  Yita's Request for Attorney's Fees and Costs

#### 1.  Legal Standard

The Patent Act vests district courts with discretion to award the prevailing party reasonable attorney's fees in "exceptional cases." 35 U.S.C. § 285.[2] "[A]n 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which

---

[2] PDG disputes that Yita is a prevailing party because PDG "initiated the request to seek leave from this Court to dismiss this action." Dkt. No. 29 at 10. Whether a party is prevailing in patent cases is a question of Federal Circuit law. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). Although the dismissal here is without prejudice, a dismissal of a patent action for mootness or lack of standing can, at least in some cases, confer prevailing party status. *See B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019). However, even if Yita achieved prevailing party status, this is not an exceptional case entitling it to fees.

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL - 6

the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Such cases are "rare." *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303 (Fed. Cir. 2018). While litigation involving "subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award," there is no precise rule or formula governing the exceptionality inquiry. *Octane Fitness, LLC*, 572 U.S. at 554–55. The test is "inherently flexible," and district courts must "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 554. Some factors that might guide the district court's decision include frivolousness, motivation, the objective unreasonableness of a case's factual or legal components, and the need to advance considerations of compensation and deterrence. *Id.* at 554 n.6; *see also Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1322–23 (Fed. Cir. 2017) (noting that these factors are suggestions).

District courts thus retain "considerable latitude" in making a Section 285 exceptionality determination. *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1358 (Fed. Cir. 2017). And even when a case qualifies as exceptional, an award of fees is not automatic; rather, the district court may "weigh intangible as well as tangible factors: the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996); *see also Modine Mfg. Co. v. Allen Grp., Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990) (an exceptional case does not always require a fee award). The moving party must show that it is entitled to fees by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557–58.

2. Yita Is Not Entitled to Fees or Costs

Yita argues that it is entitled to recover its attorney's fees under 35 U.S.C. § 285 because "PDG's improper motives behind this lawsuit caused unnecessary and considerable spending of

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL - 7

time and money by Yita" and "PDG brought this action despite knowing that it would sell its deck box and outdoor shed business." Dkt. No. 28 at 10. Improper motives in bringing a case may support a finding of exceptionality. *See Octane Fitness, LLC*, 572 U.S. at 554 n.6. However, Yita cites nothing in support of its contention that PDG knew from the litigation's inception that it would sell its business, and PDG counters that the filing of the lawsuit "predate[d] any discussion [of] an acquisition of PDG by Suncast." Dkt. No. 31 at 2; *see also* Dkt. No. 30 at 2.

Yita also contends that PDG brought this case not on the merits but to extract a settlement, Dkt. No. 28 at 1–2, but the record does not support that allegation either. The record shows that the parties were engaged in licensing discussions before PDG filed this suit (and before PDG engaged in acquisition discussions with Suncast), and that it was Yita who initiated the round of settlement negotiations that preceded PDG's motion to dismiss. Dkt. No. 30 at 2. Yita's recitation of the back and forth of settlement talks reflects typical negotiations rather than any improper motive. Dkt. No. 28 at 3–4. And as PDG points out, it "had full authority to settle the litigation until the transaction closed." Dkt. No. 29 at 8.

In addition, this case does not otherwise reflect the type of litigation misconduct that could support a finding of exceptionality. *See Octane Fitness*, 572 U.S. at 555 (noting that "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees"). There is no evidence of an effort to delay or multiply the proceedings by PDG. Rather, PDG moved to voluntarily dismiss the case promptly once the sale was imminent. Dkt. No. 30 at 2. PDG's actions are a far cry from the type of vexatious or frivolous behavior that might sustain an exceptionality finding. *See, e.g.*, *Raniere*, 887 F.3d at 1308 ("Raniere's behavior throughout the litigation employed a pattern of obfuscation and bad faith," that "caused Appellees to incur significant fees and costs to oppose Raniere's positions" and "were made in bad faith to

vexatiously multiply these proceedings and avoid early dismissal" (cleaned up)); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1367, 1369 (Fed. Cir. 2013) (during decade-long litigation, patentee engaged in "rampant misconduct," sued the accused infringer's customers only to withdraw its claims after substantial litigation, misrepresented the date of key evidence, and tried to mask false testimony through motion practice); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 920 (Fed. Cir. 2012) (patentee misrepresented the law of claim construction and the constructions adopted by the court and introduced and relied on expert testimony that failed to meet minimal standards of reliability, thereby prolonging litigation and attendant expenses); *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324–25 (Fed. Cir. 2011) (patentee destroyed relevant documents, lodged incomplete and misleading extrinsic evidence, and acted in bad faith by exploiting the high cost of defending the case to extract a nuisance value settlement).

Although "frivolousness" and "objective unreasonableness (both in the factual and legal components of the case)" can weigh in favor of a finding that a case is exceptional, *Octane Fitness, LLC*, 572 U.S. at 554 n.6, Yita does not argue—nor is there any evidence—that PDG's infringement allegations are frivolous or objectively unreasonable. In fact, Yita discontinued selling the accused products after PDG filed this suit and created a purportedly non-infringing "design around" product that was the subject of certain settlement discussions. Dkt. No. 28 at 2; Dkt. No. 28-2 at 3. Therefore, this factor does not weigh in favor of finding exceptionality. *See, e.g.*, *Ironburg Inventions Ltd. v. Valve Corp.*, No. C17-1182-TSZ, 2021 WL 4426702, at *3 (W.D. Wash. Sept. 27, 2021) (declining to award fees when plaintiff's positions "were not so lacking in merit that [its] assertion could be considered vexatious"); *see also Mobiloc, LLC v. Neutron Holdings, Inc.*, No. 2:20-CV-1570-BJR, 2022 WL 874738, at *3 (W.D. Wash. Mar. 24, 2022) (concluding that even though the court ruled against plaintiff on summary judgment and found that

some of its allegations were not well supported, the case did not stand out as "exceptionally weak" and denying fees). In sum, this is not an exceptional case warranting fees under 25 U.S.C. § 285.[3]

Finally, Yita argues that even if the Court does not find this case to be exceptional under Section 285, the Court can award costs and reasonable attorney's fees as a condition of dismissal under Rule 41(a)(2). Dkt. No. 28 at 9. Rule 41(a)(2) permits the district court to dismiss a case "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). District courts have "discretion to award attorney's fees as a condition of dismissal without prejudice under Rule 41(a)(2)." *Kamal*, 88 F.4th at 1287. However, "Rule 41(a)(2) does not provide an independent base of authority for imposing attorney's fees and costs." *Abbey Dental Ctr. v. Consumer Op., LLC*, 782 F. App'x 618, 620 (9th Cir. 2019). Rather, "[c]ourts can condition dismissal upon the payment of costs and fees only where justified by a statute or exception to the American Rule." *Id.* Because the relevant statute here, 35 U.S.C. § 285, provides for an award of attorney's fees only in exceptional circumstances, the Court declines to award fees absent such circumstances.[4]

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS PDG's motion to voluntarily dismiss this case. Dkt. No. 27. This case is dismissed without prejudice and without costs or fees to either party.

Dated this 29th day of July, 2024.

Lauren King
United States District Judge

---

[3] Yita also cites *B.E. Tech., L.L.C.*, 940 F.3d at 679, Dkt. No. 28 at 9, but in that case, the district court awarded costs under Federal Rule of Civil Procedure 54, a rule Yita does not invoke.

[4] In addition, a defendant "should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Westlands Water Dist.*, 100 F.3d at 97; *see also Kamal*, 88 F.4th at 1286–87. Yita has not identified any such fees for work it would be unable to use in future litigation.